**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL CARDONA,

Petitioner,

v. Case No. 8:13-cv-2119-T-33-MAP

SECRETARY, DEPT. OF CORRECTIONS,

Respondent.

______________________________

**ORDER**

Petitioner Michael Cardona, an inmate in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). He challenges his convictions entered by the Circuit Court for the Fifth Judicial Circuit, Hernando County, Florida, in 2009. Respondent filed a response (Doc. 5) and Cardona filed a reply (Doc. 8). Upon review, the petition must be dismissed as time-barred.

**PROCEDURAL HISTORY**

Cardona was convicted of home invasion robbery and strongarm robbery while masked. He was sentenced to concurrent terms of thirty years in prison. (Doc. 5, pp. 20-28.) On August 23, 2011, the state district court of appeal *per curiam* affirmed Cardona's convictions and sentences. (Doc. 5, p. 61.) On April 26, 2012, Cardona filed a petition for writ of habeas corpus in the state district court of appeal, asserting that appellate counsel was ineffective. (Doc. 5, pp. 64-78.) The state district court of appeal denied the petition on August 22, 2012. (Doc. 5, p. 79.) Cardona also filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on May 17, 2012. (Doc. 5, pp. 81-100.) The state

postconviction court summarily denied the motion on September 10, 2012. (Doc. 5, pp. 101-109.)

On October 11, 2012, Cardona filed a notice of appeal of the state postconviction court's order of denial. (Doc. 5, p. 110-11.) The state district court of appeal dismissed the appeal for lack of jurisdiction, finding that Cardona's notice of appeal was untimely. (Doc. 5, p. 116.) On February 11, 2013, Cardona filed a petition seeking a belated appeal of the order denying his postconviction motion. (Doc. 5, pp. 118-123.) The petition for belated appeal was denied on February 26, 2013. (Doc. 5, p. 136.) Cardona's federal habeas petition was filed on August 9, 2013. Respondent asserts that Cardona's petition is untimely.

**CARDONA'S FEDERAL HABEAS PETITION IS UNTIMELY**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for filing a § 2254 federal habeas petition. This one-year period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. 2244(d)(2).

The state district court of appeal *per curiam* affirmed Cardona's judgment and sentence on August 23, 2011. He had ninety days, through November 21, 2011, to petition the United States Supreme Court for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Therefore, under § 2244(d)(1)(A), Cardona's judgment became final on November 21, 2011. The one-year

limitation period began to run the next day, November 22, 2011, and Cardona had through November 22, 2012, absent any tolling, to file his federal habeas petition. Preliminarily, Cardona acknowledges in his reply that the petition is untimely. With regard to Respondent's assertion of untimeliness, Cardona states, "Admitted that the Petition is untimely as to the Respondent's contention under the one year time limit." (Doc. 8, p. 2.) A review of the record confirms that Cardona's petition is untimely under § 2244(d)(2). Cardona does not establish the applicability of equitable tolling. Accordingly, his petition must be dismissed as time-barred.

**A. Statutory Tolling Under § 2244(d)(2)**

Statutory tolling under § 2244(d)(2) occurs when a properly filed collateral application is pending in state court. An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).

After Cardona's federal limitation period began on November 22, 2011, 157 days of un-tolled time passed until he filed his state habeas petition on April 26, 2012.[1] Prior to the time this petition was denied on August 22, 2012, Cardona also filed a postconviction motion in state court on May 17, 2012. The postconviction motion was denied on September 10, 2012. Cardona had thirty days, until October 10, 2012, in which to file a notice of appeal.

[1] Cardona's pleadings are identified by the dates applicable under the mailbox rule, which provides that a *pro se* inmate's pleadings are deemed filed on the date they are delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271–272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

*See* Fla. R. Crim. P. 3.850(k). The federal limitations period began running again the next day, October 11, 2012. Another 124 days of un-tolled time, for a total of 281 days, went by before Cardona filed his petition for belated postconviction appeal on February 11, 2013. Assuming that this petition served to toll the limitations period, it did so until it was denied on February 26, 2013. The limitation period began running again the next day, February 27, 2013. Another 164 days of un-tolled time, for a grand total of 445 days, passed before Cardona filed his federal habeas petition on August 9, 2013. Thus, the one-year period under § 2244(d) had already expired when the federal habeas petition was filed.

Cardona's other state court pleading, his untimely notice of appeal of the postconviction court's order, did not serve to toll the one-year limitations period. The state appellate court clearly rejected Cardona's postconviction appeal on the basis that his notice of appeal was untimely. (Doc. 5, pp. 112, 116.) Because the notice of appeal was not timely filed, it was not a "properly filed" pleading that statutorily tolled his one-year limitations period. *See Artuz*, 531 U.S. at 8; *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that a state postconviction motion that is rejected by the state court as untimely is not "properly filed" for purposes of § 2244(d)(2)).

**B. Equitable Tolling**

In Ground Three of his habeas petition, which contains a challenge to the state appellate court's dismissal of his postconviction appeal as untimely, Cardona asserts that he was unable to timely file the notice of appeal because he was unaware of the law and received erroneous advice from a prison law clerk. To the extent this assertion can be construed as an argument in support of equitable tolling, however, he is not entitled to this remedy. The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling

in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citing *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012)).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

Cardona has not carried his burden to demonstrate that he has diligently pursued the timely filing of his federal habeas petition. Additionally, Cardona's allegations that he was unaware of the law and received incorrect advice from a prison law clerk are insufficient to

establish extraordinary circumstances. *See, e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither an inmate's ignorance of the law nor the inadequacy of services of inmate law clerk who assisted in drafting a habeas petition entitled petitioner to equitable tolling of limitations period). Cardona provides no other argument sufficient to support the application of equitable tolling. Accordingly, because equitable tolling is not warranted in this case, Cardona's petition is dismissed as untimely.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Cardona has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Because Cardona is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

It is therefore

ORDERED that Cardona's petition for writ of habeas corpus (Doc. 1) is hereby DISMISSED. The Clerk is directed to enter judgment against Cardona and close this case.

ORDERED in Tampa, Florida, on April 24, 2015.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Michael Cardona
Counsel of Record